UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| FAVORITE HEALTHCARE STAFFING, INC. | ) ) ) ) CIVIL ACTION NO. |
| Plaintiff, | ) ) |
| v. | ) ) |
| PINNACLE REGIONAL HOSPITAL, LLC, f/n/a COOPER COUNTY COMMUNITY HOSPITAL | ) ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

### INTRODUCTION

The Plaintiff, Favorite Healthcare Staffing, Inc., initiates this action against Defendant, Pinnacle Regional Hospital LLC f/n/a Cooper County Community Hospital, in order to i) collect damages for monies owed for the breach of an employment agency service contract for temporary health care professional services rendered to the Defendant at its facility in Boonville Missouri; ii) recover the quantum meruit value of said employment agency services delivered, received, and accepted pursuant to Rule 64 and 65 of the Federal Rules of Civil Procedure; and iii) obtain a preliminary injunction restraining the Defendant from transferring, encumbering or alienating any of their individual personal property including but not limited to furniture, fixtures, equipment and accounts receivable.

## PARTIES

1. Favorite Healthcare Staffing, Inc. ("Plaintiff" and/or "Favorite Healthcare") is a corporation duly organized and operating pursuant to the laws of the State of Kansas with a principal place of business in Overland Park, Kansas, and is in the business of providing qualified temporary health care personnel to hospitals, nursing homes, rest homes and other medical facilities throughout the United States.

2. On information and belief, Pinnacle Regional Hospital, LLC ("Pinnacle"), is a limited liability company duly organized and operating pursuant to the laws of State of Delaware and registered with the Missouri Secretary of State as a foreign limited liability company with a principal place of business located at 17651 B Highway, Boonville, Missouri. On information and belief, Pinnacle is in the business of managing and operating an acute care hospital.

3. Pinnacle was formerly known as Cooper County Community Hospital, LLC ("Cooper County Hospital"). Cooper County Community Hospital, LLC filed an Amendment of Foreign Liability Company notice with the Missouri Secretary of State's office on March 14, 2019, through which it provided notice of its change of name from Cooper County Community Hospital, LLC to Pinnacle. The registered agent of Pinnacle in Missouri is Joy's Majestic Paradise, Inc. located in Hume, Missouri. Cooper County Community Hospital, LLC and Pinnacle are both hereinafter referred to as "Defendant".

## JURISDICTION

4. This matter involves damages in excess of $75,000.00 arising from a dispute between citizens of different states. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. On October 17, 2018, Cooper County Hospital executed a "Supplemental Staffing Agreement" with the Plaintiff where, in consideration of the Defendant's agreement to timely pay to the Plaintiff the hourly billing rates set forth in the agreement, the Plaintiff would provide Defendant with temporary health care professionals to render services to its respective hospital facility in Boonville, Missouri. Attached hereto and marked as Exhibit "A" is a copy of said agreement. The Supplemental Staffing Agreement, at the request of Cooper County Hospital, was amended on November 19, 2018. Attached hereto and marked as Exhibit "B" is a copy of said amendment to the Supplemental Staffing Agreement.

7. Between October 2018 and September 2019, Favorite Healthcare, with the expectation of being compensated, provided temporary health care professionals to Defendant. Said temporary health care professionals rendered valuable services to the Defendant. The Defendant accepted and benefited from said valuable services. The fair and reasonable market value of the services rendered by Favorite Healthcare and accepted by the Defendant were established by the hourly rates contained in Exhibit "A" and "B". Defendant paid Favorite Healthcare at the rates established in Exhibit A and B for certain, but not all, services rendered to Defendant.

8. Between February 2019 through September 2019, Favorite Healthcare delivered numerous separate invoices requesting payment for services rendered to the Defendant. Said invoices totaled $210,877.00 ("Balance Due").

9. Despite repeated requests for payment, the Defendant has failed, refused and neglected to make any payment on the Balance Due. A copy of a summary of said invoices for the Defendant is attached hereto and marked as Exhibit "C" ("Invoices").

10. Pursuant to the terms and conditions of Exhibits "A" and "B," the Defendant is liable for continued interest accruing on the Balance Due and for Plaintiff's cost of collection, including reasonable attorney's fees.

11. The Defendant has received, accepted and benefited from Favorite Healthcare's provision of temporary healthcare professionals without paying the fair and reasonable value for said services. The reasonable value of the services rendered to and accepted by each Defendant is $210,877.00.

12. Despite demand, the Defendant has failed to pay to the Plaintiff the reasonable value of the services rendered to and accepted by the Defendant. The Defendant has not raised a defense to Favorite Healthcare's assertion that it is owed the Balance Due from the Defendant as set forth above.

13. The Defendant's acceptance of Favorite Healthcare's provision of temporary healthcare professionals and the payment of certain invoices tendered are all admissions of fact that the Defendant has expressly and/or impliedly agreed to the terms and conditions contained in Exhibit "A and "B".

14. The Defendant is failing to pay Plaintiff the Balance Due and upon information and belief is also failing to pay other third-party vendors and service providers monies due and

owing to them. The Defendant's failure to pay its financial obligations as they mature is clear evidence that the Defendant is insolvent and unless this Court authorizes the requested pre-judgment remedies, there will be no assets against which Favorite Healthcare could seek to collect the judgment that it is likely to obtain against the Defendant.

15. Plaintiff is unaware of any insurance policies or insurance proceeds which the Defendant owns or is entitled to, which is available to satisfy the judgment the Plaintiff expects to obtain against the Defendant.

## COUNT I

## (BREACH OF CONTRACT v. DEFENDANT)

16. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

17. Defendant, by failing to pay the Plaintiff $210,877.00, has breached the terms and conditions of the Supplemental Staffing Agreement, Amendments to the Supplemental Staffing Agreement and the Invoices tendered, see Exhibits "A", "B" and "C".

18. As a result of said breach, the Defendant owes the Plaintiff $210,877.00 and further accrued interest and attorney's fees in an amount to be established at the trial of this matter.

## COUNT II

## (QUANTUM MERUIT v. DEFENDANT)

19. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 18, above.

20. The reasonable value of the staffing services provided to and accepted by the Defendant is equal to or in excess of $210,877.00.

21. As a result of the Plaintiff's provision of temporary healthcare professionals with the expectation of compensation to the Defendant, the Defendant has received a material benefit, has been unjustly enriched and is obligated to Plaintiff in the amount of $210,877.00.

## COUNT III

### (APPLICATION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT)

22. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1 through 21, above.

23. Plaintiff has a strong likelihood of success on the merits in this action as Defendant has failed to pay the Plaintiff pursuant to the terms and conditions of the Supplemental Staffing Agreement, Amendments to the Supplemental Staffing Agreement and the Invoices tendered and/or for the fair value of the services rendered.

24. The Supporting Affidavit of Mindi Otto, filed in this civil action, establishes that the Defendant A) executed the Supplemental Staffing Agreement and Amendments to the Supplemental Staffing Agreement, B) received, accepted and benefited from Favorite Healthcare's provision of temporary healthcare professionals, who were provided to the Defendant with the expectation of compensation, without paying the fair and reasonable value for said services, C) despite repeated request, refused to tender the Balance Due, and D) has failed to pay certain other vendors and service providers on obligations due to them as they have become due, making it clear that Defendant is insolvent, as it is failing to pay its obligations as they mature.

25. Plaintiff is unaware of any liability insurance, which is owned or maintained by the Defendant that is available to satisfy part or all of any judgment rendered in this matter.

26. In light of the serious and deliberate failure of the Defendant to pay the Balance Due, the Defendant's insolvency and the Defendant's lack of any defenses to the claims of the Plaintiff, the Plaintiff has a high likelihood of success on the merits. Accordingly, Plaintiff believes and therefore avers that the requested pre-judgment relief is necessary and appropriate to afford the Plaintiff some minimal security for its anticipated future judgment.
.

## **PRAYERS FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that:

1. Pursuant to Count I, this Court enter Judgment against the Defendant in the amount of $210,877.00 plus interest, costs, and attorneys' fees and that execution or other appropriate process issue for the enforcement of same; and

2. Pursuant to Count II, this Court enter Judgment against the Defendant in the amount of $210,877.00 plus interest, costs, and attorneys' fees and that execution or other appropriate process issue for the enforcement of same; and

3. Pursuant to Count III, this Court enter an order enjoining and restraining, until further order of this Court, the Defendant from transferring, selling, assigning, alienating, pledging, distributing or disposing in any manner any and all of its personal property including but not limited to its furniture, fixtures, inventory, equipment and accounts receivable and any all personal property used by the Defendant in its business.

4. For any such other and further relief as this Court deems just and proper.

Dated: December 23, 2019

                Respectfully submitted,

                FRANKEL, RUBIN, KLEIN, DUBIN,
                    SIEGEL & PAYNE, P.C.

                By: /s/ MAYER S. KLEIN
                MAYER S. KLEIN, #32605
                Co-Counsel for Plaintiff
                mklein@frankelrubin.com
                231 South Bemiston Avenue, Suite 1111
                Clayton, Missouri 63105
                Telephone: (314) 725-8000
                Facsimile: (314) 726-5837